UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JARVIS MCNEAL,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF CHICAGO, ILLINOIS, Chicago Police Officers LEMORNET MILLER (10424), WILLIAM MEADOR (12803), JOHN GONZALEZ (19765), JOHN CHRISTIAN (13142) MIGDALIA BULNES (1957), and Other UNKNOWN CHICAGO POLICE OFFICERS,<br><br>                Defendants. | FILED: SEPTEMBER 11, 2008<br>08CV5205<br>JUDGE ST EVE<br>MAGISTRATE JUDGE DENLOW<br>EDA<br><br><br>Jury Trial Demanded |

## COMPLAINT AND JURY DEMAND

Plaintiff, JARVIS MCNEAL, through his attorney, Jeffrey B. Granich, makes the following complaint against Defendants CITY OF CHICAGO, ILLINOIS ("Defendant City") and Chicago Police Officers LEMORNET MILLER, WILLIAM MEADOR, JOHN GONZALEZ, JOHN CHRISTIAN, MIGDALIA BULNES and other UNKNOWN CHICAGO POLICE OFFICERS ("Defendant Officers"):

### JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. Plaintiff JARVIS MCNEAL is a thirty-two-year-old African-American resident of the City of Chicago, Illinois.

5. At all relevant times, Defendant Officers were Chicago police officers employed by Defendant City and acting under color of law and within the scope of their employment.

6. Defendant City is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at all relevant times was the employer and principal of Defendant Officers and Unknown Officers.

## FACTS

7. On September 12, 2006, one or more of Defendant Officers entered Plaintiff's home and arrested Plaintiff, without a warrant or any other legal justification to do so.

8. Defendant Officers then unlawfully searched Plaintiff's home and his person without legal justification, but they did not find anything illegal.

9. Defendant Officers handcuffed Plaintiff and took him from his home against his will.

10. Plaintiff was transported to the 11th District police station.

11. Defendant Officers caused him to be charged and prosecuted with a felony narcotics offense.

12. Plaintiff had to hire a criminal defense attorney to defend him against the false charges Defendant Officers placed against him.

13. Plaintiff spent the next eleven months incarcerated in Cook County jail awaiting trial.

14. Plaintiff was forced to stand trial on the false charges Defendant Officers placed against him.

15. Plaintiff was found acquitted of all charges after a bench trial.

16. Plaintiff suffered financial, physical and emotional damages as a result of Defendant Officers' causing him to be falsely accused and imprisoned for an offense he did not commit.

### Count I: Unlawful Search & Seizure

17. Plaintiff re-alleges paragraphs 1 through 16 as if fully re-stated here.

18. As more fully described above, several of Defendant Officers participated in arresting Plaintiff without a warrant, probable cause, or any other legal justification to do so. This arrest was in violation of Plaintiff's rights as secured by the Fourth and Fourteenth Amendments to the United States' Constitution.

19. One or more of Defendant Officers were aware that there was no probable cause to arrest Plaintiff, had an opportunity to intervene to prevent their fellow officers' misconduct, but failed to do so.

20. As a direct and proximate result of this false arrest, Plaintiff has suffered extensive damages, including but not limited to physical, emotional and economic injuries, which will be proven at trial.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant Officers in a fair and just amount sufficient to compensate him for the injuries he has suffered, plus, punitive damages against each of the individual defendants, as well as, costs, reasonable attorneys' fees, and all such other relief as this Court finds just and equitable.

### Count II: Conspiracy

21. Plaintiff re-alleges paragraphs 1 through 20 as if fully re-stated here.

22. As more fully alleged above, Defendant Officers expressly or impliedly agreed and conspired to violate Plaintiff's constitutional rights as secured by the Fourth and

3

Fourteenth Amendments to the United States' Constitution, and engaged in actions as described above in furtherance of this conspiracy.

23. As a direct and proximate result of Defendant Officers' conspiratorial misconduct, Plaintiff has suffered physical, emotional and economic damages, which will be proven at trial.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant Officers in a fair and just amount sufficient to compensate him for the injuries he has suffered, plus punitive damages, costs, reasonable attorneys' fees, and all such other relief as this Court finds just and equitable.

### Count III: Policy Claim

24. Plaintiff re-alleges paragraphs 1 through 23 as if fully re-stated here.

25. Plaintiff's injuries were proximately caused by policies and practices of Defendant City, which allows its police officers to violate the constitutional rights of citizens without fear of any real punishment for such misconduct. In this way, Defendant City violated Plaintiff's rights since it created the opportunity for Defendant Officers to commit the foregoing constitutional violations.

26. The above-described misconduct has become so common as to be a widespread practice, and so well settled as to constitute *de facto* policy in the Chicago Police Department. This policy was able to exist and thrive because governmental policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

27. The widespread practice described in the preceding paragraphs was allowed to flourish because Defendant City has declined to implement sufficient training and/or any

legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

28. As a direct and proximate result of Defendant City's policies and practices, Plaintiff has suffered physical, emotional and economic damages, which will be proven at trial.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant City in a fair and just amount sufficient to compensate him for the injuries he has suffered, plus costs, reasonable attorneys' fees, and all such other relief as this Court finds just and equitable.

### Count IV – Illinois Malicious Prosecution

29. Plaintiff re-alleges paragraphs 1 through 16 as if fully re-stated here.

30. As more fully stated above, Defendant Officers' misconduct resulted in Plaintiff being wrongfully charged with and prosecuted for a felony narcotics charge. Defendant Officers instituted these judicial proceedings against Plaintiff with willful and wanton disregard for the truth, without probable cause, and knowing that Plaintiff was not guilty of the crime for which he had been charged.

31. Defendant Officers initiated and continued judicial proceedings against Plaintiff by creating or attesting to false or incomplete police reports, by giving false accounts of Plaintiff's arrest, and the justification for it, to other police officers and/or prosecutors, and by testifying falsely during the criminal proceedings against Plaintiff.

32. Ultimately, Plaintiff was acquitted of all charges in manner indicative of Plaintiff's innocence, which fully and finally terminated the case in Plaintiff's favor.

33. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to physical, emotional and economic damages, which will be proven at trial.

34. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

35. At all relevant times, Defendant Officers were agents of Defendant City, and acting within the scope of their employment as a Chicago Police Officers. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he has suffered, plus costs and reasonable attorneys' fees, and all such other relief as this Court finds just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

JARVIS MCNEAL, Plaintiff

By: /s/ Jeffrey B. Granich
    Attorney for Plaintiff

Law Office of Jeffrey B. Granich
53 West Jackson
Suite 840
Chicago, IL 60604
(312) 939.9009
Attorney No. 6207030